# OUTTEN & GOLDEN LLP

Advocates for Workplace Fairness

May 7, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 5-8-2019

**Via CM/ECF**
The Honorable Laura Taylor Swain
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 09305 (LTS)
*Ciullo v. J.P. Morgan Chase & Co.*, No. 12 Civ. 02197 (LTS)

Dear Judge Swain:

We represent the *Lloyd* Plaintiffs in the above-referenced matter. We write jointly with counsel for Plaintiff Ciullo and Defendants to respectfully request that the Court approve the Parties' proposed *cy pres* designees, the National Employment Law Project ("NELP") and the Center for Community Alternatives ("CCA").

On October 24, 2017, the Court granted final approval of the Parties' settlement resolving these matters and closed both matters. ECF No. 374. The Court retained jurisdiction for purposes of supervising the implementation of the settlement. *Id.* Pursuant to the Parties' Settlement Agreement, the amount of any checks not cashed or deposited within sixty (60) days are to be donated to an organization mutually agreed to by the Settling Parties. ECF No. 372-1 at § 3.13.2. The deadline for cashing of checks has now passed, and the Claims Administrator has informed the Parties that $46,069.78 remains in uncashed checks to be donated to a *cy pres* recipient. The Parties have conferred in order to identify a mutually agreeable *cy pres* charity and ultimately agreed to distribute the remaining funds equally among NELP and CCA.

Under the *cy pres* doctrine, unused settlement funds must be distributed for a purpose consistent with the objectives underlying the lawsuit and the interest of class members. *See In re Holocaust Victims Assets Litig.*, 424 F.3d 132, 141 n.10 (2d Cir. 2005); *Jones v. Nat'l Distillers*, 56 F. Supp. 2d 355, 358 (S.D.N.Y. 1999). Courts have approved the distribution of unclaimed settlement amounts in wage and hour litigation to non-profit organizations that advocate on behalf of workers' rights. *See Plotz v. NYAT Maint. Corp.*, No. 98 Civ. 8860, 2006 WL 298427, at *1 (S.D.N.Y. Feb. 6, 2006) (approving NELP and the Workplace Project); *Johnson v. Brennan*, No. 10 Civ. 4712, 2012 WL 6584019, at *1 (S.D.N.Y. Dec. 12, 2012) (approving the Urban Justice Center's Community Development Project).

Plaintiffs submit that NELP is an appropriate *cy pres* recipient. NELP's work on behalf of workers is closely related to the purpose of these actions. NELP engages in both litigation and

New York 685 Third Avenue 25th Floor New York, NY 10017 Tel (212) 245-1000 Fax (646) 509-2060
Chicago 161 N Clark Street Suite 1600 Chicago, IL 60601 Tel (312) 809-7010 Fax (312) 809-7011
San Francisco One Embarcadero Center 38th Floor San Francisco, CA 94111 Tel (415) 638-8800 Fax (415) 638-8810
Washington, DC 601 Massachusetts Ave NW Second Floor West Suite Washington, DC 20001 Tel (202) 847-4400 Fax (202) 847-4410

www.outtengolden.com

The Honorable Laura T. Swain
May 7, 2019
Page 2 of 2

policy advocacy on behalf of workers and in order to strengthen worker protections. *See* https://www.nelp.org/about-us/ (last visited April 24, 2019). Because of its focus on workers' rights, courts have previously approved NELP as a *cy pres* recipient in wage and hour lawsuits. *See, e.g.*, *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2013 WL 1316015, at *2 (S.D.N.Y. Mar. 29, 2013) (approving NELP as *cy pres* designee in wage and hour lawsuit because its "advocacy work on behalf of workers' wage and hour rights is closely related to the purpose of this lawsuit"); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 02494, 2010 WL 2545859, at *1 (S.D.N.Y. June 18, 2010) (same); *Plotz*, 2006 WL 298427, at *1 (approving NELP as *cy pres* recipient and finding it "aligned and closely related to the objectives underlying this litigation.").

Defendants submit that CCA is an appropriate *cy pres* recipient. CCA is a leader in the field of community-based alternatives to incarceration. Its mission is to promote reintegrative justice and a reduced reliance on incarceration through advocacy, services and public policy development in pursuit of civil and human rights. CCA clients place a high priority on finding pathways to employment and economic self-sufficiency. CCA services support clients as they prepare for the working world through education, vocational training, gaining job search skills and work experience. *See* http://www.communityalternatives.org (last visited April 24, 2019).

Accordingly, the Parties respectfully request that the Court approve NELP and CCA as *cy pres* recipients, and order the Claims Administrator to release the remaining $46,069.78 to these organizations, with half to be received by NELP and half by CCA.

We thank the Court for its continued attention to these matters.

Respectfully submitted,

*/s/ Deirdre A. Aaron*
Deirdre A. Aaron

cc: All Counsel of Record (by CM/ECF)

*The foregoing requests are granted and the Claims Administrator is hereby so directed.*

SO ORDERED:

/s/ 5/8/19
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

2